## LEO KINNEY v. STATE.

No. 4889.    Opinion Filed July 11, 1925.
(237 Pac. 626.)

Paul J. McCarthy and Morris & Tant, for plaintiff in error.

George F. Short, Atty. Gen., and Chas Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. For convenience and brevity, the plaintiff in error will be referred to as defendant, as in the court below.

The defendant was convicted in the county court of Oklahoma county, on a charge of having possession of whisky with intent to sell, and appeals. Only two assignments of error are argued in the briefs. First: That the court admitted in evidence whisky that was unlawfully taken without a search warrant; second, the insufficiency of the evidence. The evidence discloses that the defendant roomed at a house on west Sixth street, and at the time of the offense charged officers went to the place, found the defendant and several other persons drinking whisky out of a fruit jar, and about the premises found a number of bottles, several jugs smelling of whisky, and one jug containing about four gallons of corn whisky.

This was in a room adjacent to the room in which the drinking was being done. The evidence of the officers is that they brought the jug containing the whisky in to the

defendant, asked him if it belonged to him, and he said that it was his. The evidence as to the contents of the jug was undisputed, and was fully developed on cross-examination, as well as on direct examination; the defendant himself testifying that it was whisky, but denied that he said it belonged to him, and denied that it was in his possession. He admitted having pleaded guilty to a violation of the liquor law, and to having been twice convicted before that time. The evidence is ample to sustain the verdict.

After the evidence had been fully developed, the state offered in evidence the jug of whisky referred to as Exhibit A. Whereupon the defendant made the following objection, which was overruled:

"We object to this introduction for the reason that it has not been properly identified, and, further, that they had no proper search warrant at the time they visited the place."

This is the only objection made touching this question. At the close of the testimony, the sufficiency of the evidence was not challenged, nor motion made to strike out or to direct a verdict, nor mentioned in the motion for a new trial. The contents of the jug not being questioned, and the admission of the whisky in evidence in no wise necessary to the state's case, its admission is not reversible. At the most it was merely cumulative to the undisputed evidence in the case. An objection that evidence is procured by an unlawful search may be raised at any time during the trial, or at the conclusion of the trial by proper motion. But, where the facts are admitted and developed by the defendant on cross-examination as in this case, the erroneous admission in evidence, of evidence procured without a search warrant, will not be necessarily reversible. So if the objection as made be held sufficient to question the invasion of the constitutional rights of the

defendant by the introduction of evidence taken without a search warrant, the error in admitting it is harmless.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.